**BOARD OF TRUSTEES OF the UNIVERSITY OF ILLINOIS, Plaintiff,**

v.

**INSURANCE CORPORATION OF IRELAND, LTD., et al., Defendants.**

**No. 89 C 6136.**

United States District Court, N.D. Illinois, E.D.

Dec. 20, 1989.

Edward J. Zulkey, John C. Filosa, Baker & McKenzie, Chicago, Ill., for plaintiff.

James R. Denniston, Wilson, Elser, Moskowitz, Edelman & Dicker, Chicago, Ill., Michael L. Cohen, Wilson, Elser, Moskowitz, Edelman & Dicker, Baltimore, Md., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

This Court has just received, via random reassignment stemming from the recusal of its colleague Honorable Harry Leinenweber, this three-party action in which Board of Trustees of the University of Illinois ("U of I") sues Insurance Corporation of Ireland, Ltd. ("ICI") and Marsh & McLennan, Inc. ("Marsh"[1]) and ICI has advanced a Counterclaim for Rescission against U of I. Based on its initial review of the court file,[2] this Court sua sponte dismisses this action for lack of subject matter jurisdiction.

At this stage the lawsuit is already at issue (both ICI and Marsh have filed Answers to U of I's Complaint), and there is also a just-fully-briefed motion by U of I to dismiss ICI's Counterclaim for Rescission. But what the lawsuit does *not* come equipped with is federal jurisdiction.

Complaint ¶ 1 correctly sets out both components of U of I's corporate citizenship under 28 U.S.C. § 1332(c)[3]: Both its place of incorporation and its principal place of business are of course in Illinois. Complaint ¶ 2 alleges ICI's status as a corporation of Ireland, the only thing that needs to be alleged as to such a "citizen[ ] or subject[ ] of a foreign state" under Section 1332(a)(2). So far, so good.

But Complaint ¶ 4 says only this about Marsh:

> Defendant, M & M is an insurance brokerage firm incorporated under the laws of the state of Delaware and maintains an office in Chicago, Illinois.

And all Marsh's Answer does is to admit that allegation. But the basic problem here is an obvious one: Not only does the Complaint fail to identify Marsh's *principal* place of business as it is required to do by Section 1332(c), but this Court is almost able to take judicial notice that *Illinois* is the state that fits that description.[4]

---

1. This memorandum opinion and order uses "Marsh" as the shorthand designation for that defendant, because its own lawyers have chosen to do the same in its Answer. As the quotation from Complaint ¶ 4 later in the text reflects, U of I's Complaint uses "M & M" as the shorthand version.

2. This Court always undertakes an immediate review of newly-filed complaints; see *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir.1986):

   > The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

   For a near-classic example of the waste of resources (both judges' and litigants') that may flow from a failure to make that the first item on the judicial checklist, see *Wojan v. General Motors Corp.*, 851 F.2d 969, 971 (7th Cir.1988). And for an even more dramatic one, in which this Court labored in the vineyards for over five years before an esoteric jurisdictional flaw was picked up during the course of a partial appeal (and the problem was ultimately compounded by involving all the Court of Appeals' judges in an en banc consideration and then by ultimately involving the Supreme Court as well), see *Newman–Green, Inc. v. Alfonzo–Larrain R.*, 490 U.S. 826, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989) and opinions below, 832 F.2d 417 (7th Cir.1987) and 854 F.2d 916 (7th Cir.1988) (en banc).

3. All further references to Title 28's provisions will simply take the form "Section—."

4. By sheer chance, at the time that this Court first began to practice law (in the days before the Great Flood), Marsh occupied the suite next door to this Court's law firm (then Goldberg, Devoe & Brussell) at 231 South LaSalle Street, Chicago. That location was then Marsh's principal place of business. Now that insurance firm, much larger in size, occupies the building bearing its name at 222 South Riverside Plaza, Chicago—and a telephone call to that office has

For over 180 years it has been firmly established that no diversity jurisdiction exists when *any* opposing parties are citizens of the same state (*Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806) [5]). U of I's sharing of Illinois citizenship with Marsh therefore destroys jurisdiction here, and this action must be and is dismissed for lack of subject matter jurisdiction.[6]

confirmed that Illinois indeed remains Marsh's corporate headquarters.

5.  As *Newman–Green,* 109 S.Ct. at 2221 said earlier this year (emphasis in original, citing *Strawbridge*):
    When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal.

6.  This dismissal is of course without prejudice to U of I's possible refiling of this action in a state court of competent jurisdiction.